UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAX CREDIT FUNDING LLC, <br> Plaintiff, <br><br> v. <br><br> MATTHEW MORAN, *et al.*, <br> Defendants. | ) <br> ) <br> ) <br> ) CAUSE NO.: 2:16-CV-163-JVB-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Default Judgment Against Defendant Matt Moran[1] [DE 95], filed on December 18, 2019, by Plaintiff Tax Credit Funding LLC (TCF). The Court previously granted judgment as to liability in favor of TCF and against Moran. *See* (Order, ECF No. 65). The Court set the issue of the amount of damages for further briefing. *See* (Order, ECF No. 89). TCF filed the instant motion on the amount of damages.

## BACKGROUND

The claims brought against Moran that are resolved as to liability but are now before the Court on the issue of damages are "Conversion and Misappropriation" (Count V), "Fraudulent Misrepresentation" (Count VI), "Fraud and Conspiracy" (Count VII), and "Conversion, Misappropriation and Conspiracy" (Count VIII). *See* (Second Am. Compl. 12-14, ECF No. 51); *see also* (Order at 2, ECF No. 65 ("With regard to its conversion, fraud, and conspiracy claims, the Court **GRANTS** judgment in favor of Plaintiff and against Defendant Matthew Moran as to liability.")).

By declarations made under penalty of perjury, TFC has shown the following. Moran fraudulently misappropriated $3,000,000 in funds. (Paynter Decl. ¶¶ 7, 9, 11, 15, ECF No. 95-1).

---

[1] There is another defendant in this litigation with the surname Moran, but for the purposes of this Opinion and Order, "Moran" refers to Defendant Matt Moran.

TFC expected to be paid a $500,000 fee for its services, but that money was used by TCF to pay investors instead. *Id.* at ¶ 16. Co-Defendant True to the Game Entertainment, LLC was obligated to pay interest, of which $1,710,114 remains unpaid. *Id.* at ¶ 17). TFC has incurred $214,879.50 in legal fees, of which it has paid $5,000. (Williamson Decl. ¶ 7, ECF No. 95-2); (Glavin Decl. ¶ 7, ECF No. 95-3). TCF asks for an award of damages of $5,210,114, and an award of attorney fees of $209,879.50.

**ANALYSIS**

Indiana's Crime Victim's Relief Act (CVRA), codified at section 34-24-3-1 of the Indiana Code, allows a person who has suffered a pecuniary loss as a result of a violation of various crimes, including conversion, to bring a civil action for damages (including actual damages and a reasonable attorney's fee) against the person who caused the loss. Ind. Code. § 34-24-3-1; *see also* Ind. Code. § 35-43-4-3 (criminal conversion). A person seeking to recover under the CVRA "must prove by a preponderance of the evidence that the defendant committed a criminal act, although a conviction is not a condition precedent to recovery." *Coleman v. Coleman*, 949 N.E.2d 860, 869 (Ind. Ct. App. 2011) (citing *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 945 (Ind. Ct. App. 2001). "Although the Relief Act provides that crime victims may recover three times the amount of their actual damages (treble damages), the costs of the action, and reasonable attorney fees, the amount of any award is ultimately left to the discretion of the trial court." *Kishpaugh v. Odegard*, 17 N.E.3d 363, 370 (Ind. Ct. App. 2014).

Conversion under Indiana law is the knowing or intentional exertion of unauthorized control over property of another person. Ind. Code § 35-43-4-3. TCF has shown, by a preponderance of the evidence, that Moran committed criminal conversion. (Second Am. Compl. ¶¶ 27, 58, ECF No. 51); (Paynter Decl. ¶¶ 9-11). "With respect to a conversion claim, damages are

restricted to actual losses sustained as a proximate result of the conversion." *SJS Refractory Co., LLC v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 766 (Ind. Ct. App. 2011). TCF has also shown by a preponderance of the evidence that it suffered pecuniary losses as a result of Moran's conversion.

TCF agreed to provide tax credit financing to True To The Game Entertainment, LLC (TTTGE), for whom Moran was an authorized agent. TCF was to transfer $3,000,000 to TTTGE's escrow account in exchange for TTTGE's anticipated film tax credits. TCF was also to receive a $500,000 payment to cover its fees. TTTGE was to obtain a completion bond before accessing the funds in the escrow account, and TCF was to be repaid out of tax credits that TTTGE would receive from Louisiana in connection with TTTGE's production of a film entitled "True To The Game." It was anticipated that the film would yield nearly $5,000,000 in film tax credits from Louisiana. Due to Moran's unauthorized direction to transfer the $3,000,000 out of the escrow account, TTTGE failed to comply with the repayment terms of the agreement.

TCF seeks to recover the $3,000,000 that it loaned to TTTGE; its $500,000 fee that, though initially set aside for TCF, was used by TCF to pay amounts owed to investors; and $1,710,114 in outstanding interest that is owed to investors (which TCF would have paid the investors from the required accrued interest payments that TTTGE failed to make). This is a total of $5,210,114 in damages, and it is the amount that TCF requests in damages, not including attorney fees. These damages were proximately caused by Moran's conversion of the $3,000,000. Moran directed the funds to be moved out of the account without the required completion bond, which would act as security that the film would be completed. Unsurprisingly, as a result, TTTGE did not timely repay TCF. Because TCF has shown by a preponderance of the evidence that Moran's conversion caused these damages, the Court will grant the request for $5,210.114.

The requested award of attorney fees is a remedy available to TCF. The Court has reviewed the declarations of TCF's counsel, John Williamson and Daniel Glavin. The bulk of the fee award is for attorney Williamson's time, and he avers that he unilaterally capped his fee at $200,000, though his fee for work on this case *as to Moran alone* was over that cap when he set the limit.

Though the Court will grant the request for an award of reasonable attorney fees, the information necessary to determine the amount of reasonable attorney fees is not currently before the Court. The Court does not know the tasks performed, the hours devoted to each task, and by whom the work was performed, though the Court has been apprised of the hourly rates charged by counsel and Williamson's agreement to cap his fee. Therefore, the Court will order TCF's counsel to submit detailed billing for the Court's review.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **TAKES UNDER ADVISEMENT in part** Plaintiff's Application for Default Judgment Against Defendant Matt Moran [DE 95]. The Court **AWARDS** judgment in favor of Plaintiff Tax Credit Funding LLC and against Defendant Matt Moran in the amount of $5,210,114.00 damages.

The Court also **AWARDS** in favor of Plaintiff Tax Credit Funding LLC and against Moran TCF's reasonable attorney fees, but the Court takes the question of the amount of the fees under advisement and **ORDERS** TCF's counsel, John Williamson and David Glavin, to submit detailed billing of attorney time in support of Plaintiff's request for an award of reasonable attorney fees **on or before January 31, 2020**. The billing may be submitted *in camera*.

SO ORDERED on January 16, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT