# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TAX CREDIT FUNDING LLC, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) CAUSE NO.: 2:16-CV-163-JVB-JPK <br> ) |
| MATTHEW MORAN, <br> Defendant. | ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Application for Default Judgment Against Defendant Matt Moran [DE 95], filed on December 18, 2019. On January 16, 2020, the Court granted the motion in part but took the issue of the amount of attorneys fees to be awarded under advisement. Pursuant to the Court's order, Attorneys John Williamson and Daniel W. Glavin filed supplemental declarations on January 31, 2020.

Williamson's declaration submits $200,000 as a reasonable award of attorney fees for time that Williamson spent, and Glavin's declaration submits $16,252.40 as a reasonable award of attorney fees for time that Glavin, his associates, and his paralegals spent and for costs (including photocopy charges and postage).

Regarding Glavin's declaration, "costs of the action" are recoverable under Indiana Code § 34-24-3-1 (the statutory provision under which the Court is making the award in favor of Plaintiff), but postage, copy, and process server fees are not included. *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 839 (Ind. Ct. App. 2005) (citing *Johnson v. Naugle*, 557 N.E.2d 1339, 1346 (Ind. Ct. App. 1990)). Indeed, only filing fees and statutory witness fees are included as "costs of the action." *Id.* Therefore, the $283.70 in copy fees, $124.20 in postage fees, and $382.50 in process server fees will not be awarded. Additionally, the Court is unable to award a

requested $382.50 for a "Vendor bill from Mercer," as no basis has been presented on which to determine that it is a suitable matter for an award. The Court finds the remaining $15,079.50 to be a reasonable attorney fee for the time spent by Glavin, his associates, and his paralegals.

Regarding Williamson's declaration, Williamson provides a narrative explanation of his work for Plaintiff. This narrative details work on three different matters: a United States Department of Justice investigation, an arbitration case against Ross, Sinclaire & Associates, LLC, and the instant action. Because the attorney fee provision in § 34-24-3-1 is penal in nature, it must be strictly construed. *Coleman v. Coleman*, 949 N.E.2d 860, 869 (Ind. Ct. App. 2011). The Court has found no authority indicating that the statute permits recovery of attorney fees for work outside of the litigation. Given the mandate to strictly construe the provision, the Court concludes that attorney time spent on the DOJ investigation or the arbitration case is not compensable.

However, the Court's analysis cannot end here. Calculation of a reasonable attorney fee is complicated (1) by the series of events outlined in Williamson's declaration that led to the absence of detailed billing records available for the Court's review and (2) by Williamson's agreement with Plaintiff to cap his billing at $200,000. Williamson conservatively estimates that he spent more than 625 hours "on matters related to Matt Moran," which, if billed at his hourly rate of $375, would be $234,375. Williamson also notes that, had Williamson accepted Plaintiff's proposed contingency arrangement, one-third of the damages award in this case would be $1.7 million dollars. Though time spent on matters outside of this litigation are not compensable attorney fees, Williamson did not bill by the hour,[1] and the Court finds that the $200,000 award is a reasonable

---

[1] If Williamson did bill Plaintiff by the hour, $200,000 would be approximately 535 hours of attorney time at $375 per hour, which Williamson stated is his hourly rate. This is just over 85% of Williamson's conservative estimate of time spent on matters related to Matt Moran.

2

amount for an attorney fee for the work performed by Williamson in this case alone as outlined in his declaration.

Given the lack of objection, the work performed by Williamson in this litigation, and the benefit to Plaintiff, the Court finds that the flat fee arrangement of $200,000 is a reasonable attorney fee for the time Williamson spent on this case alone. Therefore, the Court will award the requested fee for Williamson's attorney time.

Therefore, the Court hereby **GRANTS** Plaintiff's Application for Default Judgment Against Defendant Matt Moran [DE 95]. In addition to the $5,210,114.00 in damages previously awarded, *see* (Op. & Order 4, ECF No. 97), the Court **AWARDS** $215,079.50 in reasonable attorney fees in favor of Plaintiff Tax Credit Funding, LLC and against Defendant Matthew Moran.

SO ORDERED on February 20, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT